**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TSYS MERCHANT SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-4024-SAC |
| | ) | |
| PIPELINE PRODUCTIONS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the court upon defendants Pipeline Ticketing, LLC and Pipeline Productions, Inc.'s Motion for Leave to File Answer Out of Time (ECF No. 19).  For reasons explained below, the undersigned magistrate judge recommends that this motion be granted in part and denied in part.

I.

This case has an unusual background.  Plaintiff filed this action on March 14, 2016 against defendants Pipeline Ticketing, LLC; Pipeline Productions, Inc.; and Nathan Prenger.  On July 1, 2016, the court directed plaintiff to show cause why this case should not be dismissed for lack of prosecution.  The court noted that defendants had been served but that no further action had been taken by the plaintiff to prosecute the case.  Plaintiff responded and indicated that an agreement had been reached "in principal" with Pipeline Productions and Pipeline Ticketing.  Plaintiff stated that the parties were working on finalizing and executing the settlement agreement.  On July 7, 2016, defendant Prenger filed an answer.   On the next day, the court entered an order allowing plaintiff until August 15, 2016 within which to submit the proper dismissal papers or show cause why the court should not otherwise proceed with dismissal due to failure to prosecute the case.

Plaintiff filed a "settlement agreement" on August 2, 2016, which indicated that an agreement had been reached between plaintiff and Pipeline Ticketing to resolve and ultimately dismiss the case. On August 3, 2016, plaintiff sought a clerk's entry of default against Pipeline Productions for its failure to timely file an answer.

On August 11, 2016, plaintiff filed a motion to enforce the settlement agreement. Pipeline Productions filed the instant motion on August 29, 2016. A clerk's entry of default was entered against Pipeline Productions on September 8, 2016. Also, on September 8th, Judge Crow granted plaintiff's motion to enforce the settlement against Pipeline Ticketing.

II.

With this background, the court turns to the instant motion. This motion is purportedly filed on behalf of Pipeline Productions and Pipeline Ticketing. In the motion, counsel for these defendants states: (1) the ownership interest of the Pipeline defendants is held by Brent Mosiman who owns 70% and Nathan Prenger who owns 30%; (2) Mosiman terminated Prenger as an employee in the summer of 2015 and revoked Prenger's access to all financial and banking accounts of the Pipeline defendants; (3) after this lawsuit was filed, Prenger's counsel sent correspondence to Mosiman and demanded that he comply with his fiduciary obligations to protect the interests of the Pipeline defendants; (4) Mosiman failed to respond; and (5) Mosiman recently informed counsel that he had no intention of retaining counsel or protecting the interests of the Pipeline defendants. Counsel notes that Mosiman is alleged to have entered into a settlement agreement with Pipeline Ticketing, but states in doing so he has breached his fiduciary obligation to the Pipeline defendants and the other investors.

In light of Judge Crow's decision enforcing the settlement agreement, the court finds the instant motion moot as it concerns Pipeline Ticketing. Judge Crow has determined that Pipeline Ticketing entered into a settlement agreement that resolved plaintiff's claims against it.

The court next turns Pipeline Productions' request to file an answer out of time. Pipeline Productions contends that its failure to file a timely answer was the result of excusable neglect. Pipeline Productions states that its majority owner did not have the funds to retain counsel for it, and that the minority owner retained counsel as soon as it became clear that the majority owner was not going to hire counsel to represent the corporation or otherwise protect the corporate assets. Pipeline Productions also states: (1) no other extensions of time have been sought; (2) no discovery has been served; (3) plaintiff will not be prejudiced if it is allowed to file an answer out of time; (4) it had no intent to impede the judicial process or frustrate plaintiff's attempt to proceed with this lawsuit; and (5) it has legal defenses to the claims asserted.

Plaintiff failed to file a response to the motion for leave to file answer out of time and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Ordinarily, as a result of plaintiff's failure to respond, the court would grant Pipeline's motion for leave to file answer out of time as uncontested. However, since the filing of that motion, the clerk has entered default judgment against Pipeline Productions. The court needs to consider whether the default judgment should be set aside. Under Fed.R.Civ.P. 55(c), the court may set aside a clerk's entry of default if good cause is shown. When making this determination,

---

[1]See D.Kan. R. 6.1(d)(1) (requiring a response to a non-dispositive motion to be filed within fourteen days). Plaintiff's response deadline was September 12, 2016.

3

the court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[2] The court need not consider all of these factors, but is mindful that "willful failure alone may constitute sufficient cause for the court to deny the motion."[3]  The Tenth Circuit has counseled that

> default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.[4]

The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[5] The good cause standard in Rule 55(c) is a lesser standard than the excusable neglect standard that applies to a motion for relief from judgment under Fed.R.Civ.P. 60(b).[6]

With regard to willfulness, a defendant's conduct is considered culpable if he defaulted willfully or has no excuse for the default.[7]  The court finds that Pipeline Productions has offered a reasonable excuse for its failure to file a timely answer.  The minority owner of Pipeline Productions acted in a reasonably timely fashion after he learned that the majority owner did not intend to defend this case.  The court also finds no prejudice to plaintiff here.  This case has only been on file for a few months and little activity has occurred.  Finally, Pipeline Productions has offered a meritorious defense.

After careful consideration, the court respectfully recommends that the district judge grant Pipeline Productions' Motion for Leave to File Answer Out of Time.  The court further

---

[2] See, e.g., *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir.2005).
[3] *Id.*
[4] *In re Rains*, 946 F.2d 731, 732–33 (10th Cir.1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F .2d 1442, 1444 (10th Cir.1983)).
[5] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D.Kan.2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970)).
[6] *Id.*
[7] *United States v. Timbers Preserve, Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir.1993).

4

recommends that the district judge vacate the clerk's entry of default.  Finally, the court recommends that Pipeline Ticketing's Motion for Leave to File Answer Out of Time be denied. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file written objections to the report and recommendation within fourteen days after being served with a copy.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that defendant Pipeline Ticketing, LLC and Pipeline Productions, Inc.'s Motion for Leave to File Answer Out of Time (ECF No. 19) be granted in part and denied in part.  The court recommends that Pipeline Ticketing, LLC's Motion for Leave to file Answer Out of Time be denied.  The court recommends that Pipeline Productions, Inc.'s Motion for Leave to File Answer Out of Time be granted.

**IT IS FURTHER RECOMMENDED** that the clerk's entry of default entered on September 8, 2016 against Pipeline Productions, Inc. be vacated.

**IT IS SO RECOMMENDED.**

Dated this 19th day of October, 2016, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge