IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TSYS MERCHANT SOLUTIONS, LLC,

        Plaintiff

vs.                                        Case No. 16-4024-SAC

PIPELINE PRODUCTIONS, INC.,
PIPELINE TICKETING, LLC, and
NATHAN PRENGER,

        Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Pipeline Productions, Inc.'s (Productions') motion to dismiss count one of the plaintiff TSYS Merchant Solutions, LLC's (TSYS's) complaint. (Dk. 29). The time allotted by rule for TSYS's response has passed without it filing one. "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion." D. Kan. Rule 7.4(b). Following this rule, the court will treat Production's motion as uncontested, and it recognizes its authority to "grant the motion without further motion." *Id.*

The plaintiff TSYS filed this action in March of 2016 alleging that it provided credit card processing services to the defendants pursuant to a Merchant Transaction Processing Agreement ("Contract") and that it was entitled to be indemnified and reimbursed for credit card chargebacks

resulting from refunds to the defendants' customers. (Dk. 1). On its face, the Contract shows Pipeline Ticketing, LLC ("LLC") contracting as the merchant and Nathan Prenger signing on behalf of the LLC and also signing as personal guarantor. (Dk. 1-1).  The complaint similarly alleges that the parties to the contract were the plaintiff, LLC, and Nathan Prenger, but that all "Defendants utilized Plaintiff's credit card processing services" pursuant to the contract. (Dk. 1, ¶ 11). The complaint further alleges "[u]pon information and belief" that "LLC is an 'alter ego' of" Productions based upon six listed factors. (Dk. 1, ¶¶ 8 and 9). On each count, TSYS claims all defendants are liable, including count one's claim for breach of contract.

In deciding a Rule 12(b)(6) motion, a court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). To withstand a motion to dismiss, "'a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.'" *Al–Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint's sufficiency is judged from its contents, but a court may consider documents incorporated by reference and attached as exhibits. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Productions' only argument for dismissal of count one, breach of contract, is that it is not a party to the Contract and, therefore, TSYS cannot prove privity or standing to bring this suit. Even though its motion and argument is uncontested, Productions' argument fails to challenge the substance of TSYS's allegations for liability on count one. As discussed above, TSYS does not allege that Productions is a party to the Contract. Instead, TSYS is seeking to hold Productions liable on all three counts, including breach of contract, because LLC is the alter ego of Productions. (Dk. 1, ¶¶ 8-11). Productions' motion does not address these allegations as to show that they fail to state a claim for relief. Nor does it argue that count one is not plausible on its face or that Productions would not be liable on count one if LLC were found to be the alter ego of Productions. Kansas law does recognize that privity is overcome when there are circumstances for disregarding the legal fiction of corporate separateness and for treating such entities as alter egos. *See Vanguard Products Corp. v. American States Ins. Co.*, 19 Kan. App. 2d 63, 68-71, 863 P.2d 991 (1993). For this reason, the court is unable to grant Productions' uncontested motion to dismiss.

IT IS THEREFORE ORDERED that the defendant Productions' motion to dismiss count one of the complaint (Dk. 29) is denied.

Dated this 8th day of December, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge